J-S38020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ABRAHAM JACOB GREGOR | |
| Appellant | No. 1888 MDA 2014 |

Appeal from the Order Entered October 10, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002134-2012

BEFORE: WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 11, 2015**

Appellant, Abraham Jacob Gregor, appeals from the October 10, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Counsel has filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant the petition to withdraw and affirm the order.

On January 7, 2013, Appellant pled guilty but mentally ill to one count each of aggravated assault, possession of an instrument of crime, and criminal mischief.[1] The trial court imposed an aggregate 10 to 23 months of incarceration followed by eight years of probation, in accord with the parties'

---

[1] 18 Pa.C.S.A. §§ 2702(a)(6), 907(a) and 3304(a)(1), respectively.

plea agreement. The trial court immediately discharged Appellant from prison based on time served. Appellant did not file a direct appeal. On February 11, 2014, Appellant filed a timely first PCRA petition alleging ineffective assistance of plea counsel. Appellant alleged counsel failed to discuss the facts with him and failed to discuss the potential advantages of going to trial rather than accepting the plea agreement. The PCRA court conducted a hearing on August 25, 2014, at which counsel and Appellant testified. Following the hearing, counsel submitted briefs at the court's request. On October 10, 2014, the PCRA court entered the order denying relief. This timely appeal followed.

On review, we determine whether the record supports the PCRA court's factual findings and whether the court's decision is free of legal error. *Commonwealth v. Brooks*, 875 A.2d 1141, 1144 (Pa. Super. 2005) (quoting *Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005)). We may affirm the PCRA court's order on any valid basis. *Id.*

Before we address the merits, we will consider whether counsel has complied with the strictures of *Turner* and *Finley*.

> The *Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, [. . . ] then must conduct its

own independent evaluation of the record and agree with counsel that the petition is without merit.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012).[2]

Counsel's no-merit letter details his review of the record and analysis of each assertion of error Appellant wanted to raise. We further observe that counsel notified Appellant of his intentions in a letter, and advised Appellant of his right to proceed *pro se*. ***See Rykard***, 55 A.3d at 1184. Under these circumstances, we deem counsel's ***Turner***/***Finley*** filings sufficient.

On March 10, 2015, Appellant filed with this Court an application for extension of time to file a response to counsel's no-merit letter. On March 16, 2015, this Court granted the extension and directed Appellant to file his response by April 13, 2015. Appellant never filed a response to counsel's no-merit letter. Therefore, we will grant counsel's petition to withdraw and proceed to conduct our independent review of the merits.

A petitioner can obtain relief under the PCRA if he pleads and proves ineffective assistance of counsel. 42 Pa.C.S.A. §§ 9543(a)(2)(ii).

---

[2] Counsel does not cite ***Turner*** and ***Finley*** in his no-merit letter, and in some respects the no-merit letter resembles a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We remind counsel that ***Anders*** applies to direct appeals and not to collateral review. This Court has made clear that a ***Turner***/***Finley*** no-merit letter is the appropriate filing where counsel seeks to withdraw on collateral review. ***Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). Nonetheless, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Id.*** (citations omitted).

The petitioner must […] show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. This requires the petitioner to show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Kimball***, 724 A.2d 326, 333 (Pa. 1999).

Counsel has an obligation to provide effective assistance during a plea negotiation. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012). "However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Id.*** (citations and brackets omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** at 338-39 (citations omitted).

The no-merit letter sets forth Appellant's argument that counsel failed to discuss with Appellant the possibility of going to trial and obtaining an acquittal. To assess this argument, we must review the underlying facts, as culled from the district attorney's recitation at the guilty plea hearing:

On the evening of February 15, 2012, [Appellant], who was in the throes of mental illness at the time, was slashing the tires of a police vehicle behind the police station in Harrisburg at 123 Walnut Street when he was observed by Officer Scott Johnsen, who was returning from getting a meal, I believe. He

- 4 -

caused—[Appellant] caused $877.80 in damage to the tires, which he slashed with a knife.

When observed by Officer Johnsen [. . . ] [Appellant] fled and Officer Johnsen gave chase. During the chase in the 200 block of Strawberry Alley, Officer Johnsen fell and his handcuffs came out of the holder. [Appellant] turned and started walking back towards Officer Johnsen with the knife that he had used to slash the tires in his hand. Officer Johnsen gave several orders for [Appellant] to stop, but [Appellant] continued moving towards the officer. Officer Johnsen then fired several shots, hitting [Appellant] and causing substantial injury.

N.T. Hearing, 1/7/13, at 6.

In his PCRA petition, Appellant argued the Commonwealth's recitation of facts was flawed because medical records indicate Appellant sustained three gunshot wounds to the back. Thus, Appellant could not have been moving toward the officer when the officer opened fire. On that basis, Appellant believes counsel was ineffective in advising him to plead guilty to aggravated assault by physical menace. The Crimes Code defines that offense as "attempts by physical menace" to put certain personnel, including on-duty police officers, "in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2702(a)(6).

Appellant testified that counsel met with him only twice, once in the hospital and once in prison. N.T. Hearing, 8/25/14, at 7. Appellant had limited recollection of what he and counsel discussed. *Id.* at 11. He attributed his lack of recollection to his significant injuries and his medication. *Id.* At any rate, Appellant did not recall discussing the facts of the case with counsel. *Id.* at 24. Appellant believes counsel's failure to

- 5 -

discuss the facts with him—in particular the fact that the police officer shot him in the back—rendered his guilty plea involuntary. Concerning the underlying incident, Appellant testified the officer shot him when he was ready to surrender. *Id.* at 19. Appellant denied walking toward the officer. *Id.*

Counsel testified that he met with Appellant twice while Appellant was hospitalized. *Id.* at 30-31. Given the severity of Appellant's injuries, counsel was not able to engage in detailed conversations with Appellant at that time. *Id.* Counsel also met with Appellant several times in prison prior to the preliminary hearing. *Id.* at 32-33. Counsel also met with Appellant two or three times after the preliminary hearing. *Id.* at 34. Counsel discussed with Appellant the inconsistency between the medical records and the police office's account of the incident. *Id.* at 33. At the preliminary hearing, the officer testified that Appellant was facing him when the officer fired. *Id.* Counsel explained to Appellant that the medical records indicated Appellant was shot in the back. *Id.*

Counsel testified that Appellant was never able to give him an account of the incident, other than his slashing tires of police cars. *Id.* at 35-36. No one else witnessed the shooting. *Id.* at 36. The police report indicated Appellant approached the police officer and was within a few feet of the officer when Appellant threatened the officer with a knife. *Id.* at 36-37. Counsel described his theory of the case as follows: "[W]e potentially had a

theory of the case that would have involved [Appellant] dropping his bag, going back to get his bag, potentially still having the knife in his hand, and the officer seeing that and reacting to that and then firing upon him." ***Id.*** at 39. The knife was a pocketknife, large enough to cause significant injury but not as large as a hunting knife. ***Id.*** at 46. The knife was large enough to inflict a fatal wound. ***Id.*** Counsel was unaware of any gunshot residue found on Appellant's clothes. ***Id.*** at 47-48.

Counsel believed the best possible outcome of a jury trial was simple assault by physical menace.[3] ***Id.*** at 39. The police officer's justification, or lack thereof, for shooting Appellant would not have been an issue for the jury to decide and would not have been relevant to Appellant's guilt or innocence of the various charges against him. ***Id.*** at 41-42. Counsel acknowledged that evidence of gunshot wounds to the back could have undermined the officer's credibility. ***Id.*** at 50.

The standard guideline range applicable to Appellant's aggravated assault offense was 39 to 52 months, whereas Appellant received 10 to 23 months—below the mitigated range—pursuant to the plea agreement. ***Id.*** at 40-43. Counsel also took into account Appellant's desire for immediate release from prison, which he obtained as part of the plea agreement because he had already served the ten-month minimum. ***Id.*** at 40, 43.

_____

[3] ***See*** 18 Pa.C.S.A. § 2701(a)(3).

Counsel believed Appellant understood the agreement and would have been competent to stand trial even though he had some ongoing mental health issues. *Id.* at 44.

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010). "A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Id.* As we explained above, Appellant can obtain relief here only if counsel's alleged ineffective assistance rendered Appellant unable to enter a knowing, voluntary and intelligent plea. Counsel testified that he met with Appellant on at least five occasions, and that he apprised Appellant of the inconsistency between the police officer's testimony and the medical evidence. Counsel was also aware of Appellant's desire to obtain immediate release from prison. Counsel believed a trial could lead to a conviction on a lesser offense than aggravated assault, but the plea bargain resulted in a sentence below the mitigated guideline range for that offense. Further, the plea bargain allowed Appellant to be released immediately based on time served. By going to trial, Appellant would have risked a much harsher sentence than the one he received. Counsel believed the facts indicated

that, at a minimum, Appellant fled from the officer and then stopped and faced the officer while still brandishing the knife he used to slash tires.

The terms of the agreed upon sentence were very favorable, given the charges Appellant was facing and the potential sentence he could have received if the jury found him guilty of aggravated assault. In addition, the plea agreement satisfied Appellant's desire for immediate release from prison. The record supports the PCRA court's finding that counsel informed Appellant of the pertinent facts. The PCRA court was free to believe counsel's testimony and disbelieve Appellant's. Counsel did not believe a full acquittal was likely, and a trial would have prolonged Appellant's incarceration for at least the duration of the trial. An aggravated assault conviction could have prolonged the incarceration considerably. We therefore cannot conclude that a trial offered the potential for a substantially better outcome than the one counsel obtained.

In summary, we conclude that the record supports the PCRA court's factual findings and we discern no legal error in the PCRA court's decision. We therefore affirm the order.

Petition to withdraw granted.  Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2015