COMMONWEALTH of Pennsylvania

v.

**Wayne E. BROOKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 2005.

Filed May 20, 2005.

---

Wayne E. Brooks, appellant pro se.

Stephen R. Zawinsky and Edward M. Marsico, Jr., Asst. Dist. Attys., Harrisburg, for the Com., appellee.

Before: FORD ELLIOTT, MUSMANNO, and MONTEMURO,* JJ.

FORD ELLIOTT, J.:

¶ 1 Wayne E. Brooks appeals from the May 26, 2004 and June 22, 2004 orders denying his petitions for post-conviction DNA testing under Section 9543.1 of the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We granted appellant's application for consolidation of these appeals on August 30, 2004. After careful review, we affirm.

¶ 2 On June 25, 1971, following a jury trial, appellant was convicted of first-degree murder and sentenced to a mandatory term of life imprisonment. On October 3, 1973, our supreme court affirmed his conviction. Appellant filed several Post–Conviction Hearing Act ("PCHA")[1] petitions which were denied. On June 21, 2000, appellant filed a petition for a writ of *habeas corpus* which was denied on July 31, 2000. On July 13, 2001, a panel of this court affirmed the order denying appellant *habeas corpus* relief, holding that appellant had failed to comply with the court's order to file a Rule 1925(b) statement.[2] *Commonwealth of Pennsylvania, ex rel. Wayne E. Brooks v. Office of the District Attorney of Dauphin County, Pennsylvania*, No. 2102 MDA 2000, 782 A.2d 1062, unpublished memorandum (Pa.Super. filed July 13, 2001).

¶ 3 On May 3, 2004, appellant filed a "Petition to Obtain Indigent Prisoner Biological DNA Testing of Evidence and Request for Order and Rule to Show Cause in Obstruction of Justice, Conspiracy and Perjury Violations." A rule was issued; and on May 19, 2004, the district attorney filed an answer and new matter. On May 25, 2004, appellant filed an amended petition; the following day, May 26, 2004, appellant's petition was denied. On June 8, 2004, appellant filed a timely notice of appeal from that order.

¶ 4 On June 1, 2004, appellant filed a response to the Commonwealth's new matter, as well as a "Petition for Order to Obtain Exculpatory Evidence in Support of Petitioner's Petition for Biological DNA Testing and Rule to Show Cause." This second petition was denied on June 22, 2004.[3] On July 7, 2004, appellant filed a notice of appeal. Appellant has complied with Rule 1925(b). On January 14, 2005, we remanded the certified record to the trial court to prepare an opinion, and retained panel jurisdiction. On February 25, 2005, the Honorable Lawrence F. Clark, Jr., filed a comprehensive opinion.

¶ 5 Appellant has presented the following issues for this court's review:

I. WAS ERROR COMMITTED BY THE LOWER COURT IN UPHOLDING THE COMMONWEALTH'S RESPONSE THAT APPELLANT HAD SUBMITTED IMPROPER FORM FOR DNA TESTING OF EVIDENCE AND ORDER TO SHOW CAUSE IN OBSTRUCTION OF JUSTICE, CONSPIRACY AND PERJURY VIOLATIONS?

---

* Retired Justice assigned to Superior Court.

1. Amended 1988, April 13, P.L. 336, No. 47, § 3, imd. effective.

2. Pa.R.A.P.1925(b).

3. The order was dated June 22, 2004, but was not filed with the clerk of courts' office until June 23, 2004.

II. WAS ERROR COMMITTED BY THE LOWER COURT IN UPHOLDING THE COMMONWEALTH'S RESPONSE THAT APPELLANT WAS TIME BARED [SIC] FROM SEEKING DNA TESTING OF EVIDENCE?

III. WAS ERROR COMMITTED BY THE LOWER COURT IN FAILING TO APPOINT INDIGENT PRISONER COUNSEL TO REPRESENT APPELLANT ON SEEKING DNA TESTING OF EVIDENCE?

IV. WAS ERROR COMMITTED BY THE LOWER COURT IN FAILING TO APPOINT INDIGENT PRISONER COUNSEL TO REPRESENT APPELLANT INDEPENDENTLY OF ANY DNA TESTING OF EVIDENCE D[UE] TO NEW U.S. SUPREME COURT DECISION PRESENTED IN APPELLANT'S AMENDED PETITION?

V. WAS ERROR COMMITTED BY THE LOWER COURT IN DENYING APPELLANT'S PETITION FOR ORDER TO OBTAIN EXCULPATORY EVIDENCE IN SUPPORT OF HIS PETITION FOR DNA TESTING OF EVIDENCE AND ORDER TO SHOW CAUSE?

Appellant's brief at 5.

When reviewing the denial of a PCRA petition, our scope of review is limited by the parameters of the act. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman,* 867 A.2d 542, 544 (Pa.Super.2005), quoting *Williams v. Erie County Dist. Attorney's Office,* 848 A.2d 967, 969 (Pa.Super.2004), *appeal denied,* —— Pa. ——, 864 A.2d 530 (2004) (citations and internal quotation marks omitted).

¶ 6 As did the trial court, for ease of discussion we will consider appellant's first and second petitions together. (Trial court opinion, 2/25/05 at 2.) Both petitions set forth basically the same claims, and both request DNA testing under Section 9543.1 of the PCRA. That statute, which took effect in September 2002, provides, in relevant part, as follows:

**§ 9543.1. Postconviction DNA testing**

(a) Motion.—

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's

counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

(b) Notice to the Commonwealth.—

(1) Upon receipt of a motion under subsection (a), the court shall notify the Commonwealth and shall afford the Commonwealth an opportunity to respond to the motion.

(2) Upon receipt of a motion under subsection (a) or notice of the motion, as applicable, the Commonwealth and the court shall take the steps reasonably necessary to ensure that any remaining biological material in the possession of the Commonwealth or the court is preserved pending the completion of the proceedings under this section.

(c) Requirements.—In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1)(i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2)(i) assert the applicant's actual innocence of the offense for which the applicant was convicted; and

. . . .

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted;

. . . .

(d) Order.—

(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) under reasonable conditions designed to preserve the integrity of the evidence and the testing process upon a determination, after review of the record of the applicant's trial, that the:

(i) requirements of subsection (c) have been met;

(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and

(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted;

. . . .

(f) **Posttesting procedures.—**

(1) After the DNA testing conducted under this section has been completed, the applicant may, pursuant to section 9545(b)(2) (relating to jurisdiction and proceedings), during the 60–day period beginning on the date on which the applicant is notified of the test results, petition to the court for postconviction relief pursuant to section 9543(a)(2)(vi) (relating to eligibility for relief).

42 Pa.C.S.A § 9543.1(a), (b), (c), (d), (f).

 ¶ 7 Initially, we note that the PCRA's one-year time bar does *not* apply to motions for the performance of forensic DNA testing under Section 9543.1.[4] *Commonwealth v. McLaughlin,* 835 A.2d 747, 750 (Pa.Super.2003); *Williams, supra.* Rather, after DNA testing has been completed, the applicant may, within 60 days of receiving the test results, petition to the court for post-conviction relief on the basis of after-discovered evidence, an exception to the one-year statute of limitations. *See* 42 Pa.C.S.A. § 9543.1(f); 42 Pa.C.S.A. § 9545(b)(1)(ii), (b)(2); *Commonwealth v. Weeks,* 831 A.2d 1194, 1196 (Pa.Super.2003) (while Section 9543.1 "does not directly create an exception to" the one-year time bar, "it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)."). Therefore, appellant's petitions for DNA testing are not barred by the PCRA's one-year statute of limitations.

¶ 8 Nevertheless, both the trial court and the Commonwealth argue that appel-lant's petitions are untimely under Section 9543.1(d)(1)(iii), which requires that the "motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice." Nowhere in the statute does it define "a timely manner"; and as discussed above, a motion for DNA testing under Section 9543.1 is not subject to the PCRA's one-year jurisdictional statute of limitations. The Commonwealth notes that appellant waited approximately 20 months after the statute became effective to file his petitions; because we can dispose of this case on other grounds, we decline to decide whether this constituted "a timely manner."

 ¶ 9 We now turn to the merits of appellant's petitions. First, we agree with the trial court that appellant has not presented a *prima facie* case by demonstrating that the DNA testing of specific evidence, assuming exculpatory results, would establish his actual innocence. 42 Pa. C.S.A. § 9543.1(c)(3)(ii)(A). Appellant requests forensic DNA testing "to determine if petitioner's DNA is part of the blood found on any of the blood stained material, including hair fibers or skin tissue which may have been found or found on the victim or victim's clothing." The record indicates that appellant's victim, Ethel Mumma ("Mumma") was shot twice, once in the head and once in the stomach. (Trial court opinion, 2/25/05 Appendix C, "Commonwealth's Statement of Findings With Regard to Search for Physical Evi-

---

**4.** Appellant's sentence was affirmed by the Pennsylvania Supreme Court on October 3, 1973. *Commonwealth v. Brooks;* 454 Pa. 75, 309 A.2d 732 (1973). For purposes of the one-year statute of limitations for petitions seeking relief under the PCRA, appellant's conviction became final 90 days after our supreme court affirmed his sentence, when time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. As such, any PCRA petition is clearly untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . .").

dence.") According to the Commonwealth, based on a review of the trial transcript, "it appears highly unlikely that any biological evidence was left behind at the crime scene by the perpetrator which could be used to identify the perpetrator. There was no sign of any sexual assault and Mumma was killed by two gunshots." (*Id.*).

¶ 10 Therefore, even if appellant's DNA was not at the crime scene, it would prove nothing. As we stated in *Heilman, supra:*

> On its face, the ***prima facie*** requirement set forth in § 9543.1(c)(3) and reinforced in § 9543.1(d)(2) requires an appellant to demonstrate that favorable results of the requested DNA testing '*would establish*' the appellant's actual innocence of the crime of conviction. Heilman has failed to make such a demonstration, nor could he. In DNA as in other areas, an absence of evidence is not evidence of absence.

*Id.* at 546–547 (emphasis in original). This is not a rape-murder case where the absence of the defendant's semen could prove his innocence; or a case where there were signs of a struggle and the perpetrator left behind skin, hair, or blood samples. As stated by Judge Clark, negative DNA test results would not establish appellant's innocence of Mumma's murder. (Trial court opinion, 2/25/05 at 3.)

¶ 11 Moreover, the statute provides that "The evidence shall be available for testing as of the date of the motion." 42 Pa. C.S.A. § 9543.1(a)(2). Appellant was tried and convicted in 1971, thirty-four years ago. Following our remand to the trial court, on January 24, 2005, Judge Clark ordered the law enforcement agencies involved, including the state police and the district attorney's office, to search for any evidence relating to appellant's case. (Order of 1/24/05; trial court opinion, 2/25/05 Appendix B.) None of these agencies was able to locate any evidence from appellant's case and filed affidavits to that effect. (Trial court opinion, 2/25/05 Appendix C.) The Commonwealth's position is that there is no biological evidence available. (*Id.*) Although many of the exhibits admitted at appellant's trial, including photographs, the autopsy report, the ballistics report, and the expended .22 caliber bullets removed from Mumma's body are, somewhat remarkably, still in the possession of the Dauphin County court reporters' office, these exhibits would not be expected to contain biological material relevant to appellant's petitions for DNA analysis. (Trial court opinion, 2/25/05 Appendix D.)

¶ 12 In issues three and four, appellant argues that the trial court erred in not appointing counsel to represent him on the instant petitions. Nowhere does Section 9543.1 confer upon a petitioner the right to counsel. In addition, it is well established that ordinarily, the right to counsel does not attach with second or subsequent petitions filed pursuant to the PCRA. *See Commonwealth v. Kubis,* 808 A.2d 196, 200 (Pa.Super.2002), *appeal denied,* 572 Pa. 700, 813 A.2d 839 (2002); Pa.R.Crim.P. 904.

¶ 13 Finally, appellant claims that *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), compels a new trial. In *Crawford,* the United States Supreme Court held that out-of-court testimonial statements by witnesses are barred, under the Confrontation Clause, unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine them, regardless of whether such statements are deemed "reliable" by the trial court. Appellant's claim fails for a myriad of reasons.

¶ 14 First, we note that this issue was not raised in either of his two petitions filed May 3, 2004 and June 1, 2004, but rather in his "Amended Petition" filed May 25, 2004; and was not addressed by the

court below. Second, appellant's petitions were filed pursuant to Section 9543.1; his *Crawford* claim would have to be raised separately, in a timely PCRA petition. Appellant cannot use Section 9543.1 to raise extraneous issues not related to DNA testing in an effort to avoid the one-year time bar.[5] We have held that a PCRA petition cannot be used to make a motion for DNA analysis, *Weeks, supra,* and the reverse is surely true as well. Although Section 9543.1 is contained within the PCRA, a motion for forensic DNA testing of evidence filed thereunder is clearly separate and distinct from a petition filed pursuant to other sections of the statute.[6]

¶ 15 Third, *Crawford* was decided March 8, 2004. Therefore, appellant would have had until approximately May 8, 2004 to raise the issue under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii), (b)(2) (an after-recognized constitutional right must be asserted within 60 days to invoke an exception to the one-year time bar). As stated above, the applicability of *Crawford* to appellant's case was raised for the first time in his amended petition filed May 25, 2004. Fourth, we note that even if appellant had raised the issue in a timely filed PCRA petition, *Crawford* has been held *not* to apply retroactively on collateral review. *See, e.g., Haymon v. New York,* 332 F.Supp.2d 550 (W.D.N.Y.2004).

¶ 16 Orders affirmed.

---

5. The same is true of appellant's claims for obstruction of justice, perjury, and conspiracy.

6. This distinction between a motion for DNA testing and other post-conviction filings under the PCRA was recognized in *Commonwealth v. Young,* 2005 WL 913656, 873 A.2d 720 (Pa.Super.2005). While this court in *Young* stated that a motion for DNA testing under Section 9543.1 should not be dismissed as an untimely PCRA petition based solely on the nomenclature used, a defendant must not commingle the two; where a *pro se* defendant's "sole request" in an otherwise untimely PCRA petition is for DNA testing, it may be addressed on its merits. *Id.* at 724 n. 2, distinguishing *Weeks, supra.*