J-S35026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MALIK T. CARTER, | |
| Appellant | No. 2008 EDA 2015 |

Appeal from the Order Entered June 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012444-2010

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 14, 2016**

Appellant, Malik T. Carter, appeals *pro se* from the post-conviction court's June 4, 2015 order denying his petition under section 9543.1 of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In July of 2012, Appellant was convicted by a jury of third-degree murder, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime.  On September 6, 2012, he was sentenced to an aggregate term of 28½ to 57 years' incarceration.  Appellant did not file a direct appeal.

However, on May 29, 2013, Appellant filed a PCRA petition seeking the restoration of his right to file a direct appeal *nunc pro tunc*.  The Commonwealth did not oppose Appellant's request, and the court granted his petition and reinstated his direct appeal rights.  On July 1, 2014, this

Court affirmed Appellant's judgment of sentence, and on January 13, 2015, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Carter***, 105 A.3d 778 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 106 A.3d 724 (Pa. 2015).

On May 29, 2015, Appellant filed a *pro se* "Motion for DNA Ballistic Forensic Testing." Therein, Appellant "sought an order pursuant to 42 [Pa.C.S.] § 9543.1 for: (1) forensic ballistic testing of certain bullets; (2) forensic ballistic testing of certain fired cartridge casings; and (3) forensic gunshot residue testing of a truck." PCRA Court Opinion (PCO), 7/2/15, at 1-2.[1] On June 4, 2015, the PCRA court issued an order denying Appellant's motion, concluding that section 9543.1 "does not … authorize a post-conviction petition for ballistics testing or gunshot residue testing." PCRA Court Order, 6/4/15, at 1 (citing 42 Pa.C.S. § 9543.1(a)).

Appellant filed a timely notice of appeal. He was not ordered to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but the PCRA court issued a Rule 1925(a) opinion on July 2, 2015. Herein,

---

[1] Appellant's "Motion for DNA Ballistic Forensic Testing" is neither docketed, nor contained in the certified record. However, Appellant confirms that he filed that document on May 29, 2013, and his summary of what testing he sought in that motion mirrors the description provided by the PCRA court in its opinion, quoted *supra*. ***See*** Appellant's Brief at 1 (stating he "sought an order pursuant to 42 Pa.C.S.A. § 9543.1(a)(1) for: (1) forensic ballistics testing of certain bullets; (2) forensic ballistics testing of certain fired cartridge casing[s]; and (3) forensic gunshot residue testing of a truck at the crime scene").

Appellant presents one question for our review, which we reproduce verbatim:

> Did lower court denied defendant access to the courts for motion for DNA forensic ballistics testing to support his innocence under Commonwealth v. Brooks remanded by this Superior Court of Pennsylvania if evidence is available for testing?

Appellant's Brief at 2 (emphasis and unnecessary capitalization omitted).

To begin, we note that:

> When reviewing the denial of a PCRA petition, our scope of review is limited by the parameters of the act. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Brooks*, 875 A.2d 1141, 1144 (Pa. Super. 2005).

Additionally, this Court has addressed motions filed under section 9543.1 as follows:

> Motions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are "clearly separate and distinct from claims pursuant to other sections of the PCRA." *Commonwealth v. Williams*, 909 A.2d 383, 384 n. 1 (Pa. Super. 2006). It is well-recognized that the one-year time bar proscribed under the PCRA does not apply to petitions for post-conviction DNA testing under Section 9543.1. *See, e.g.,* [] *Brooks*, 875 A.2d [at] 1146 …; *Commonwealth v. Young*, 873 A.2d 720, 724 (Pa. Super. 2005). In addition, petitions for post-conviction DNA testing are unique in that the petition does not carry with it the right to counsel. *Brooks*, 875 A.2d at 1147 ("Nowhere does Section 9543.1 confer upon a petitioner the right to counsel.").

*Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa. Super. 2008).

Here, the PCRA court denied Appellant's motion under section 9543.1, reasoning that that provision "authorizes a defendant in custody to file a post-conviction petition for DNA testing of evidence that may be the subject of a petition under the [PCRA]. It does not, however, authorize a post-conviction petition for ballistics testing or gunshot residue testing." PCO at 2 (citing 42 Pa.C.S. § 9543.1(a)). In light of the language of section 9543.1, we ascertain no error in the court's conclusion that the statute does not permit a petitioner to seek the type of forensic testing requested by Appellant. Section 9543.1 provides, in pertinent part:

> **(a) Motion.--**
>
> (1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic **DNA testing** on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.
>
> (2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a) (emphasis added). Clearly, as demonstrated by the above-emphasized language of section 9543.1, that statute applies *only* to

- 4 -

petitioners seeking DNA testing. It does not apply to the type of testing sought by Appellant in his motion.

Appellant's reliance on **Brooks** does not convince us otherwise. Preliminarily, Appellant claims that this Court remanded Brooks' case for "DNA testing of available evidence at the crime scene." Appellant's Brief at 4. Appellant is incorrect; the **Brooks** panel did not remand, but rather *affirmed* the PCRA court's order *denying* Brooks' motion for DNA testing. **See Brooks**, 875 A.2d at 1147-48. In any event, **Brooks** is also distinguishable because the petitioner sought DNA testing "to determine if [his] DNA is part of the blood found on any of the blood stained material, including hair fibers or skin tissue which may have been found or found on the victim or victim's clothing." **Brooks**, 875 A.2d at 1146. Brooks clearly sought the type of DNA testing covered by section 9543.1; he did not seek "forensic ballistic testing on bullets and gunshot residue [testing]" as does Appellant. Appellant's Brief at 4. Therefore, **Brooks** does not at all support Appellant's claim that the type of testing he seeks is available under section 9543.1.

Because the explicit language of section 9543.1 confirms that *only* testing of DNA evidence can be provided under that provision, the PCRA court did not err in denying Appellant's motion for ballistics and gunshot residue testing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2016