J-S81041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAWAME ROMDON COE | : | |
| | : | |
| Appellant | : | No. 1050 MDA 2018 |

Appeal from the Order Entered June 15, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002189-1999

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED FEBRUARY 05, 2019**

Appellant Kawame Romdon Coe appeals from the order of the Court of Common Pleas of Lancaster County that dismissed his *pro se* "Motion for Scientific Testing" filed pursuant to 42 Pa.C.S.A. § 9543.1, which governs Postconviction DNA testing.  We affirm.

On March 29, 2000, Appellant and his co-defendant Kirby Stewart (a/k/a Kevin Williams) were convicted at a bench trial of first-degree murder in relation to the January 18, 1999 shooting death of Kirkland Hardy.  Both men were sentenced to life imprisonment.  On May 15, 2001, this Court affirmed the judgment of sentence in Appellant's case.  On October 5, 2001, our Supreme Court denied Appellant's petition for allowance of appeal.

Thereafter, Appellant filed three PCRA petitions that were ultimately denied and have no relevance to this appeal.  On May 7, 2018, Appellant filed the instant *pro se* "Motion for Scientific Testing," citing 42 Pa.C.S.A. § 9543.1

_____
* Former Justice specially assigned to the Superior Court.

to support his request for the bullets admitted into evidence at his murder trial be submitted to the Federal Bureau of Investigation for ballistics testing. Appellant requests the use of digital enhancement techniques to show that all six bullets that hit the victim were discharged from only one weapon, which would discount the prosecution's trial theory that both Appellant and his co-defendant Stewart shot the victim. Appellant asserts that this technology was not available at the time of his trial.

On June 15, 2018, the lower court dismissed Appellant's motion, finding Appellant's request for ballistics testing did not fall within the purview of Section 9543.1 of the PCRA statute, which allows petitioners to seek forensic DNA testing. This *pro se* appeal followed.

When addressing a motion filed under Section 9543.1, we are guided by the following principles:

> Motions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are "clearly separate and distinct from claims pursuant to other sections of the PCRA." **Commonwealth v. Williams**, 909 A.2d 383, 384 n. 1 (Pa.Super. 2006). It is well-recognized that the one-year time bar proscribed under the PCRA does not apply to petitions for post-conviction DNA testing under Section 9543.1. **See**, **e.g.**, **Commonwealth v. Brooks**, 875 A.2d 1141, 1146 (Pa.Super. 2005); **Commonwealth v. Young**, 873 A.2d 720, 724 (Pa.Super. 2005). In addition, petitions for post-conviction DNA testing are unique in that the petition does not carry with it the right to counsel. **Brooks**, 875 A.2d at 1147 ("Nowhere does Section 9543.1 confer upon a petitioner the right to counsel.").

**Commonwealth v. Perry**, 959 A.2d 932, 938 (Pa.Super. 2008).

On appeal, Appellant argues that the lower court erred in dismissing his Motion for Scientific Testing, as he suggests that the Legislature intended that Section 9543.1 to provide authorization for courts to allow defendants to seek postconviction testing using digital enhancement techniques on bullet fragments. Appellant suggests that Section 9543.1 authorizes "just about everything that is scientific and can provide evidence … of an exculpatory nature to someone asserting actual innocence." Motion for Scientific Testing, at 10. We disagree.

Section 9543.1 of the PCRA, which is entitled, "Postconviction DNA testing," provides that "[a]n individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic **DNA testing** on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction. 42 Pa.C.S.A. § 9543.1 (emphasis added). The statute explains that DNA is an acronym for "deoxyribonucleic acid." 42 Pa.C.S.A. § 9543.1(h). The statute also requires that the applicant must consent "to provide samples of bodily fluid for use in the DNA testing." 42 Pa.C.S.A. § 9543.1(c)(ii).

As the express language set forth in Section 9543.1 only authorizes testing of DNA evidence, the PCRA court did not err in dismissing Appellant's Motion for Scientific Testing in which he sought ballistics testing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2019