J-S37009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESMOND MARTIN | : | |
| | : | |
| Appellant | : | No. 1728 EDA 2019 |

Appeal from the Order Entered May 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009280-2007

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    Filed: November 19, 2020

Appellant, Desmond Martin, appeals *pro se* from the order denying his motion for post-conviction DNA testing filed pursuant to Section 9543.1[1] of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[2]  We affirm.

In addressing a prior PCRA petition, this Court summarized the history of this case as follows:

---

[1]  Section 9543.1 of the PCRA provides that convicted defendants serving a term of imprisonment may move for "the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction."  42 Pa.C.S. § 9543.1(a)(1).

[2]  We observe that "petitions for post-conviction DNA testing are unique in that the petition does not carry with it the right to counsel." **Commonwealth v. Perry**, 959 A.2d 932, 938 (Pa. Super. 2008) (citing **Commonwealth v. Brooks**, 875 A.2d 1141, 1147 (Pa. Super. 2005)).

On June 7, 2007, at approximately 10:00 p.m., the victim awoke to find Appellant, who was holding a weapon, standing in her bedroom. After binding the victim's hands and feet, Appellant raped the victim.[3] He then located the victim's pocketbook, took her ATM card, and coerced her into telling him the PIN number. Appellant threatened to return if the PIN number was incorrect, and after he left, the victim jumped out of her bedroom window and ran to a neighbor's house.

The victim gave a recorded statement to police wherein she unambiguously identified Appellant, with whom she had once resided, as her rapist. The victim's sexual assault kit was positive for the presence of spermatozoa. Laboratory tests revealed that swabs from the victim's vulva were positive for the presence of Appellant's DNA. The victim later discovered that, on June 8, 2007, two unauthorized ATM withdrawals were made from her account.

On April 4, 2008, a jury convicted Appellant of numerous offenses, including rape, burglary, and robbery,[1] and on July 15, 2008, the trial court sentenced him to an aggregate of twenty years to forty years in prison, to be followed by a ten-year term of probation. Appellant filed a timely direct appeal, and this Court affirmed his judgment of sentence. *Commonwealth v. Martin*, 2549 EDA 2008 (Pa.Super. filed 10/20/09) (unpublished memorandum). On April 27, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Martin*, 693 EAL 2009 Pa. filed. 4/27/10) (*per curiam* order). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3502(a), and 3701(a)(1), respectively.

Meanwhile, on or about December 11, 2009, while his petition for allowance of appeal was pending, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel and the

---

[3] The victim indicated that Appellant drank from a Powerade bottle located on her bedside table. Police detectives swabbed the interior and exterior mouth area and lid of the bottle for DNA evidence. N.T., 4/1/08, at 37. However, the laboratory did not test the swab, but "dried them out and saved them for possible DNA analysis." *Id*. at 92.

petition was held in abeyance until after the Supreme Court denied Appellant's petition for allowance of appeal. Thereafter, on December 6, 2011, PCRA counsel filed a petition seeking to withdraw his representation. After giving notice of its intent to dismiss, the PCRA court denied Appellant's PCRA petition and granted counsel permission to withdraw. On appeal, this Court affirmed the PCRA court's order denying relief. ***Commonwealth v. Martin***, 2220 EDA 2012 (Pa.Super. filed 9/26/14) (unpublished memorandum).

On January 15, 2015, Appellant filed a second *pro se* PCRA petition, which he amended on June 26, 2015, and July 7, 2015. By order entered on August 24, 2015, the PCRA court provided Appellant with notice of its intent to dismiss the petition, and Appellant filed a *pro se* response. By order entered on September 22, 2015, the PCRA court dismissed Appellant's second PCRA petition.

***Commonwealth v. Martin***, 154 A.3d 840, 3031 EDA 2015 at *1-*3 (Pa. Super. 2016) (unpublished memorandum). On July 1, 2016, this Court affirmed the dismissal of the second PCRA petition. ***Id***.

On July 19, 2018, Appellant filed a motion seeking DNA testing of the Powerade bottle.[4]  The PCRA court denied DNA testing on May 31, 2019.  This timely appeal followed.[5]

Appellant presents the following issues for our review:

> 1.  Did PCRA court err in treating petitioners motion for DNA testing like a PCRA, holding it to those same standards?
>
> 2.  Did trial counsel fail to seek discovery, when she failed to obtain DNA results for that Powerade container?

Appellant's Brief at unnumbered 3 (*verbatim*) (renumbered for disposition).

As a preliminary matter, we address Appellant's second issue, which is an attempt to challenge the effective assistance of trial counsel.  Appellant's Brief at 7-8.  Appellant claims that counsel should have ordered the DNA testing of the Powerade bottle.  ***Id***.

---

[4] We also observe that "[t]he one year jurisdictional time bar that exists under the [PCRA] does not apply to motions for the performance of forensic DNA testing under Section 9543.1." ***Commonwealth v. Conway***, 14 A.3d 101, 108 n.2 (Pa. Super. 2011) (citing ***Commonwealth v. Brooks***, 875 A.2d 1141, 1146 (Pa. Super. 2005)).  This Court has explained that a petition for post-conviction DNA testing does not directly create an exception to the one-year time bar under 42 Pa.C.S. § 9545; however, if granted, it "allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)." ***Commonwealth v. Weeks***, 831 A.2d 1194, 1196 (Pa. Super. 2003) (citing 42 Pa.C.S. § 9543.1(f)(1)).

[5] An order granting or denying a motion for DNA testing disposes of all claims raised by all parties to the litigation and, therefore, is a final order. ***Commonwealth v. Scarborough***, 64 A.3d 602, 609 (Pa. 2013).

- 4 -

We find the following language from **Commonwealth v. Walsh**, 125 A.3d 1248 (Pa. Super. 2015) to be pertinent of Appellant's claim:

> Instantly, the order on appeal implicates only the court's denial of Appellant's post-conviction request for DNA testing pursuant to Section 9543.1. Nevertheless, Appellant attempts to advance on appeal new issues outside his request for DNA testing. These issues, including Appellant's claims that trial counsel was ineffective for failing to request DNA testing sooner, are unreviewable at this juncture. **See** [**Commonwealth v. Gandy**, 38 A.3d 899 (Pa. Super. 2012)]; [**Commonwealth v. Brooks**, 875 A.2d 1141 (Pa. Super. 2005)]. **See also Commonwealth v. B. Williams**, 35 A.3d 44, 50-51 (Pa. Super. 2011) (stating petitioner who is unable to obtain DNA testing under Section 9543.1 can still pursue ineffective assistance of counsel claim based on failure to request DNA testing of evidence at trial, but only if PCRA petition is timely filed or otherwise meets statutory exception to timeliness requirements). Thus, we will review only Appellant's challenge to the court's denial of his request for DNA testing, which is the sole issue properly before us for review.

**Walsh**, 125 A.3d at 1252 (footnote omitted). Therefore, as did the Court in **Walsh**, we will limit our review to Appellant's challenge to the denial of his request for DNA testing and decline to address Appellant's challenge to trial counsel's failure to request DNA testing.

With regard to his first issue, Appellant argues that the "PCRA court misinterpreted the facts in this case by stating [Appellant] was identified by his voice when this is no where in the record and basically dismissing his motion for DNA [testing] on false grounds." Appellant's Brief at unnumbered 8. Appellant contends that he should be granted the opportunity to prove his innocence because he was not the man responsible for the saliva that was inside of the Powerade container. **Id**. at 9. In essence, Appellant infers that

DNA testing of the saliva found in the Powerade bottle would establish his innocence.

Initially, we observe that in 1992, this Court recognized the viability of DNA testing as an evidentiary tool for the first time. *Commonwealth v. Brison*, 618 A.2d 420, 425 (Pa. Super. 1992); *Commonwealth v. Rodgers*, 605 A.2d 1228, 1234-1235 (Pa. Super. 1992). This Court has set forth the following standard of review of orders for post-conviction DNA testing:[6]

> Post-conviction DNA testing falls under the aegis of the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, and thus, "[o]ur standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error."

*Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa. Super. 2011) (citations omitted).

Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Watson*, 927 A.2d 274, 277 (Pa. Super. 2007). Moreover, when reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory

---

[6] We note that motions for post-conviction DNA testing, while considered post-conviction petitions under the PCRA, are "separate and distinct" from claims pursuant to other sections of the PCRA. *Perry*, 959 A.2d at 938. *See also In re Payne*, 129 A.3d 546, 553 n.11 (Pa. Super. 2015) ("Though brought under the general rubric of the PCRA, motions for post-conviction DNA testing are 'clearly separate and distinct from claims brought pursuant to other sections of the PCRA.'").

requirements of Section 9543.1. ***Commonwealth v. Brooks***, 875 A.2d 1141, 1147-1148 (Pa. Super. 2005). It is an appellant's burden to persuade us that the PCRA court erred and relief is due. ***Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa. Super. 2007). We may affirm the PCRA court's decision "if there is any basis to support it, even if this Court relies on different grounds to affirm." ***Commonwealth v. Kunco***, 173 A.3d 817, 823 (Pa. Super. 2017).

We further observe the following. A movant should make a request for post-conviction DNA testing in a motion, not in a PCRA petition. ***Commonwealth v. Young***, 873 A.2d 720, 724 n.2 (Pa. Super. 2005). Such a request allows a convicted person "to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)." ***Id***. (citations omitted).

Subsection (a)(2) of Section 9543.1 of the PCRA "sets forth several threshold requirements to obtain DNA testing." ***Commonwealth v. Walsh***, 125 A.3d 1248, 1254 (Pa. Super. 2015) (quoting ***Commonwealth v. Williams***, 35 A.3d 44, 49 (Pa. Super. 2011)). The subsection requires that the evidence be available for testing as of the date of the motion, and that the petitioner must prove the following:

> If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek

testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(2).

Therefore,

[t]he statute sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. 42 Pa.C.S.A. § 9543.1(a)(2).

*Williams*, 35 A.3d at 49.

Our review of the record reflects that Appellant requested DNA testing of saliva swabs recovered from a Powerade bottle located at the crime scene. Motion, 7/19/18, at 1-6. Thus, Appellant has asserted that the evidence is available for testing, and the Commonwealth has not challenged this point. Accordingly, Appellant has met the first requirement.

Regarding the next requirement, Appellant has failed to allege that this evidence was first discovered after his trial in 2008. Moreover, because the swabs were collected from the scene of the rape that occurred on June 7, 2007, and Appellant's trial was held in March and April of 2008, we conclude that this evidence was discovered prior to Appellant's conviction. Therefore,

Appellant is required to prove that the evidence was not already subjected to DNA testing due to one of the three enumerated reasons set forth in Subsection 9543.1(a)(2).

As it relates to Appellant's statutory obligations, Appellant does not assert, much less demonstrate, that: 1) DNA testing technology was not available at the time of his trial in 2008; 2) he was convicted prior to 1995 and counsel failed to request testing; or 3) he was indigent and the trial court denied his request for funds to pay for DNA testing prior to trial. 42 Pa.C.S. § 9543.1(a)(2). Appellant simply ignores these threshold components of the post-conviction DNA statute. Accordingly, Appellant's motion does not meet the necessary requirements for DNA testing under the PCRA. Hence, the PCRA court did not err in denying Appellant's petition for DNA testing. *See Commonwealth v. Perry*, 959 A.2d 932, 939 (Pa. Super. 2008) (no relief when petitioner failed to satisfy the conditions outlined in § 9543.1(a)(2)); *Walsh*, 125 A.3d at 1257 (same).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/20

- 9 -