J-S16024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :         PENNSYLVANIA
   :
v.   :
   :
   :
JESUS FLORES   :
   :
Appellant   :   No. 1285 EDA 2020

Appeal from the Order Entered March 18, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003666-1996

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED OCTOBER 12, 2021**

Jesus Flores appeals *pro se* from the order denying his motion for DNA

testing filed pursuant to Section 9543.1 of the Post Conviction Relief Act

("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A previous panel of this Court summarized the facts as follows:

> In the early morning hours of October 26, 1996, witnesses
> observed the victim, Barry Bergey ("Bergey"), leave a
> tavern. Bergey walked toward his home, which was two and
> one-half blocks from the tavern. About one-half block from
> the tavern, Flores and another man confronted Bergey.
> Bergey ran from the two men. Flores followed Bergey behind
> a building at which time Flores shot Bergey.

**Commonwealth v. Flores**, No. 693 Philadelphia 1998, unpublished

memorandum at 1-2 (Pa.Super. filed November 24, 1999).

---

[*] Former Justice specially assigned to the Superior Court.

At Flores' trial, a witness testified that Flores told him he shot someone because he needed money. Flores' own sister testified in a similar vein that Flores asked their brother to help him rob someone for money. An additional eyewitness testified that he saw the victim being chased, while another described an argument that occurred prior to the shooting. Two others testified that they heard someone say, "No, no," followed by four gunshots. *See* Opinion Denying Post-Verdict Motion, filed Jan. 15, 1998, at 3-4. The jury found Flores guilty of First-Degree Murder, Robbery, and Firearms not to be Carried Without a License. The trial court sentenced Flores to life imprisonment. Flores appealed, and we affirmed. Flores subsequently filed four PCRA petitions, all of which were denied.

Flores filed the instant motion on September 12, 2019, pursuant to Section 9543.1, seeking DNA testing of blood and hair found at the crime scene. The Commonwealth responded that Flores did not seek DNA testing in a timely manner and had not demonstrated a reasonable probability that the results of the DNA testing would establish his actual innocence. The court denied Flores' motion, stating that "the defendant's identity or participation in the crime was not at issue." Order, Mar. 23, 2020, at 1 n.1. The court added that even if the results of the testing showed the presence of another man at the scene, that "would not prove that the defendant was innocent of murder." *Id.*

This appeal followed.[1] Flores presents one question for our review: "Did the [PCRA] court commit an error of law and abuse [its] discretion when [it] denied [Flores'] petition to obtain DNA [t]esting under 42 Pa.C.S.A. § 9543.1 in regards to his convictions for homicide and robbery[?]" Flores' Br. at 4.

Flores contends that he was entitled to DNA testing "due to the circumstances of no actual identification of [Flores] committing the crime besides [hearsay] testimony and the lack of any physical evidence linking [him] to the crime." *Id.* According to Flores, identity of the perpetrator was at issue at trial and "the testing of the requested items would show that another individual robbed and killed the victim." *Id.*

Our review of the PCRA court's decision regarding a Section 9543.1 motion for DNA testing "permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." *Commonwealth v. Kunco*, 173 A.3d 817, 823 (Pa.Super.

_____

[1] Flores filed his notice of appeal on June 26, 2020, from the order entered on March 23, 2020. Since his notice of appeal was filed more than 30 days after the entry of the order from which he was appealing, Flores' appeal appears on its face to be untimely. *See* Pa.R.A.P. 903(a). However, in response to the COVID-19 pandemic, this Court extended the deadline to appeal by 30 days, in cases subject to this Court's jurisdiction. The extension applied to appeals from orders entered between March 17, 2020, and April 17, 2020. *See In Re: Statewide Judicial Emergency – Suspension Super. Ct. of Pa.*, No. 3 Administrative Docket, at 1 ¶C (Pa.Super. filed March 17, 2020). Additionally, on May 29, 2020, Lehigh County issued a "5th Amended Emergency Order" stating "any legal papers, pleadings, motions or petitions, including original service, required to be filed or effected between March 17, 2020, and June 30, 2020, shall be deemed to have been filed timely if they are filed by July 20, 2020. . . ." Lehigh Cty. 5th Amended Emergency Order, 5/29/20, at 5. Pursuant to these Orders, Flores' appeal is timely.

2017) (citation omitted). We may affirm the PCRA court's decision "if there is any basis to support it, even if this Court relies on different grounds to affirm." *Id.*

An applicant under Section 9543.1 must meet "several threshold requirements to obtain DNA testing[.]" ***Commonwealth v. Walsh***, 125 A.3d 1248, 1254 (Pa.Super. 2015) (quoting ***Commonwealth v. Williams***, 35 A.3d 44, 49 (Pa.Super. 2011)). First, the evidence must "be available for testing as of the date of the motion." 42 Pa.C.S.A. § 9543.1(a)(2). In addition, if it was discovered prior to the applicant's conviction, it must have not been previously subject to DNA testing either "because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995. . . ." ***Id.*** If it was previously subject to DNA testing, "newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency." ***Id.***

An applicant seeking post-conviction DNA testing must also present a *prima facie* case that the "identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing," and that exculpatory results of DNA testing of specific evidence would establish "the applicant's actual innocence of the offense for which the applicant was convicted[.]" 42 Pa.C.S.A. § 9543.1(c)(3).

Although the PCRA's one-year time bar does not apply to petitions for post-conviction DNA testing under section 9543.1,[2] the applicant must nonetheless make a "timely" request for DNA testing. **See** 42 Pa.C.S.A. § 9543.1(d)(1)(iii). "In analyzing timeliness for purposes of [subsection] 9543(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice." **Walsh**, 125 A.3d at 1255.

Flores is not entitled to relief. Flores has not presented a *prima facie* case that his identity as the perpetrator was at issue at his trial and that favorable DNA results would show his actual innocence. Two witnesses at trial – one of them his sister – testified that he made statements tantamount to confessions. Furthermore, the blood and hair he wants tested were discovered before his trial, but he has not alleged that DNA testing was unavailable at the time of his trial or that the technology did not exist at that time. His motion made no mention at all of prior lack of availability of DNA testing. Additionally, the jury reached its verdict after January 1, 1995, and Flores does not argue that his trial counsel sought funds for DNA testing and was refused by the court. Consequently, Flores has not carried his burden to establish the threshold requirements necessary to obtain post-conviction DNA testing. **See**

---

[2] **See Commonwealth v. Brooks**, 875 A.2d 1141, 1146 (Pa.Super. 2005).

42 Pa.C.S.A. § 9543.1(a)(2). We therefore affirm the order denying relief. **See**

**Walsh**, 125 A.3d at 1258.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021