J-S16022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| WILLIAM GEORGE THOMPSON | : | |
| Appellant | : | No. 935 WDA 2016 |

Appeal from the PCRA Order May 16, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002610-2002

BEFORE:   MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 31, 2017**

Appellant, William George Thompson, appeals from the order entered May 16, 2016, denying his petition for post-conviction DNA testing filed pursuant to 42 Pa.C.S. § 9543.1.  We affirm.

On September 16, 2005, Appellant was convicted by a jury of three counts of criminal homicide, one count of aggravated assault, five counts of recklessly endangering another person, one count of possession of a firearm without a license, and one count of criminal conspiracy.[1]  On December 12, 2005, Appellant received an aggregate sentence of life without the possibility of parole.  Appellant's post-trial motion for a new trial was denied.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S. §§ 2502(a), 2702(a), 2705, 6106 , 903(a).

In February 2006, Appellant timely filed a notice of appeal and court-ordered 1925(b) statement. The trial court issued a responsive opinion in January 2010. This Court affirmed his judgment of sentence on February 22, 2012. *Commonwealth v. Thompson*, 46 A.3d 824 (Pa. Super. 2012) (unpublished memorandum). Appellant did not petition the Supreme Court for allowance of appeal.

In May 2013, Appellant *pro se* filed a PCRA petition seeking reinstatement of his right to file a petition for allowance of appeal to the Supreme Court *nunc pro tunc*. New counsel was appointed. In August 2013, appointed counsel filed a petition for leave to withdraw and *Turner/Finley* "no merit" letter.[2] In September 2013, the PCRA court issued Rule 907 notice of intent to dismiss Appellant's petition without a hearing and granted counsel permission to withdraw. While his first petition was pending, Appellant *pro se* filed a petition for post-conviction DNA testing. In January 2014, Appellant's first petition was denied and dismissed as untimely by the PCRA court.

Appellant timely appealed. In September 2015, this Court affirmed the denial of Appellant's PCRA petition, concluding that it was untimely and Appellant had failed to plead any exception to the time bar. *See Commonwealth v. Thompson*, 467 WDA 2014 (Pa. Super. 2015)

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

(unpublished memorandum). This Court did not address Appellant's petition for DNA testing as "it appear[ed] that the petition [was] still pending in the court below" and that "the PCRA court [had] not disposed of [A]ppellant's post-conviction petition for DNA testing filed pursuant to 42 Pa.C.S. § 9543.1." *Id.* at *8.

In November 2015, the PCRA court issued Rule 907 notice of intent to dismiss Appellant's *pro se* petition for DNA testing. On May 24, 2016, this Court granted Appellant's application to compel the PCRA court to dismiss his petition and ordered the PCRA court to dispose of any pending PCRA's. *See* Superior Ct. Order, 46 WDM 2016 (Pa. Super. May 24, 2016). Before that order issued, however, the PCRA court entered an order dismissing Appellant's petition for DNA testing on May 16, 2016.

On June 28, 2016, Appellant *pro se* filed a notice of appeal. On August 3, 2015, Appellant timely filed a court-ordered 1925(b) statement. The PCRA court issued a responsive opinion.

The record reveals that the instant *pro se* petition was denied by order on May 16, 2016. Generally, Appellant would have been required to file a notice of appeal by Thursday, June 16, 2016. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). However, Appellant's notice of appeal was not

docketed by the court until June 28, 2016.[3] Nevertheless, the docket entries do not indicate the date of service. *See* Pa.R.Crim.P. 114(C). The certified record does not reveal whether the clerk of courts complied with Pa.R.Crim.P. 114(B), as there is no evidence of the method of service.[4] There is no indication that Appellant received proper notice of the PCRA court's May 16, 2016 order.

"Pennsylvania Rule of Criminal Procedure 114(C)(2) provides that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice." ***Commonwealth v. Davis***, 867 A.2d 585, 586 (Pa. Super. 2005). The notice and service requirements of Rule 114 are mandatory. ***Commonwealth v. Hess***, 810 A.2d 1249, 1253 (Pa. 2002). As we cannot properly conclude that there was proper notice, we decline to quash the appeal based on the untimely filing of his notice of appeal. *See* Pa.R.A.P. 105(b); ***Commonwealth v. Braykovich***,

---

[3] Notwithstanding, the postmark on the envelope containing Appellant's notice of appeal was June 17, 2016. ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that pro se prisoner's document is deemed filed on date he delivers it to prison authorities for mailing); ***see also Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (an appeal by a pro se prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox).

[4] A copy of the docket does not appear in the certified record. Further, this Court issued a motion to compel after the date on the order, further suggesting that Appellant did not receive proper notice.

664 A.2d 133 (Pa. Super. 1995) (noting we may permit extensions of the filing period in extraordinary circumstances, such as a breakdown in the processes of the court).

On appeal, Appellant raises one overarching issue for our consideration, that is, whether the trial court erred in denying his petition for DNA testing filed pursuant to 42 Pa.C.S. § 9543.1.[5]

Our standard of review is as follows:

> Post-conviction DNA testing falls under the aegis of the Pennsylvania Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, and thus, '[o]ur standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error.'

_____

[5] Appellant raises several extraneous issues numbered as issues 4-6 in his brief. First, he asserts that counsel was ineffective. Second, Appellant asserts that he was not permitted to challenge the Commonwealth witness' testimony and that they did not tell the truth when they testified. Third, he suggests the Commonwealth improperly withheld a letter dated January 27, 2006, from the Department of Justice containing "crucial information." **See** Appellant's Br. at 8-9.

"'Section 9543.1 cannot be used to raise extraneous issues not related to DNA testing in an effort to avoid the one-year [PCRA] time bar.'" **Commonwealth v. Walsh**, 125 A.3d 1248, 1252 (Pa. Super. 2015) (quoting **Commonwealth v. Gandy**, 38 A.3d 889, 905 (Pa. Super. 2012), _appeal denied_, 49 A.3d 442 (Pa. 2012)). As these issues, including ineffective assistance of counsel, are beyond the scope of his petition, they are unreviewable at this juncture. Thus, we will review only Appellant's challenge to the court's denial of his request for DNA testing, which is the sole matter properly before us.

*Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa. Super. 2011), *appeal denied*, 29 A.2d 795 (Pa. 2011) (quoting *Commonwealth v. Brooks*, 875 A.2d 1141, 1144 (Pa.Super.2005)). "Though brought under the general rubric of the PCRA, motions for post-conviction DNA testing are 'clearly separate and distinct from claims brought pursuant to other sections of the PCRA.'" *In re Payne*, 129 A.3d 546, 553 n.11 (Pa. Super. 2015) (en banc), *appeal denied*, 145 A.3d 167 (Pa. 2016) (quoting *Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa. Super. 2011) (citation omitted)). Further, "[t]he one year jurisdictional time bar that exists under the [PCRA] does not apply to motions for the performance of forensic DNA testing under Section 9543.1." *Conway*, 14 A.3d at 108 n.2 (citing *Brooks*, 875 A.2d at 1146).[6] As always in our review of the PCRA court's decision, this Court is bound by the PCRA court's credibility findings where those determinations are supported by the record. *Commonwealth v. Small*, 980 A.2d 549, 569 (Pa. 2009) (citing *Commonwealth v. Moore*, 860 A.2d 88, 99 (Pa. 2004)).

We summarize the issues presented by Appellant's petition as follows. Appellant petitioned the court for DNA testing to be performed on black,

_____

[6] This Court has explained that a petition for post conviction DNA testing does not directly create an exception to 42 Pa.C.S. § 9545's one year time bar; however, if granted, it "allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)." *Commonwealth v. Weeks*, 831 A.2d 1194, 1196 (Pa. Super. 2003) (citing 42 Pa.C.S. § 9543.1(f)(1)).

Nike sneakers seized from his apartment and admitted into evidence against him at trial.[7] According to Appellant, DNA testing of the sneakers would reveal that they did not belong to him. Therefore, Appellant concludes, the DNA testing of the sneakers would be exculpatory evidence and establish his actual innocence. ***See***, ***generally***, Appellant's Br.

An applicant for post-conviction DNA testing shall (1) specify the evidence to be tested, (2) assert the applicant's actual innocence of the offense for which he or she was convicted, and (3) present a *prima facie* case demonstrating that the:

> (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

> (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish… the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S. § 9543.1(c)(1)-(3). "[T]he *prima facie* requirement set forth in § 9543.1(c)(3) and reinforced in § 9543.1(d)(2) requires that an appellant demonstrate that there is a reasonable possibility that favorable results of the requested DNA testing would establish the appellant's actual innocence of the crime of conviction." ***Conway***, 14 A.3d at 109 (footnote and internal quotation marks omitted) (citations omitted). Thus, Appellant has the burden of showing that the DNA testing requested pertains to specific

---

[7] The sneakers seized in Appellant's apartment matched the description provided by an eyewitness of those worn by one of the assailants.

evidence related to the investigation or prosecution that resulted in his conviction and that exculpatory results of testing would establish his 'actual innocence' of the crime of which he was convicted. 42 Pa.C.S. § 9543.1(a)(1), (c)(3)(ii); *Commonwealth v. Smith*, 889 A.2d 582, 583 (Pa. Super. 2005).

Here, the PCRA court found DNA testing of the sneakers would only prove the identity of the individual who might have worn them and not the identity of the perpetrator. As to the second prong of the *prima facie* test, the PCRA court found that the DNA testing, assuming exculpatory results, would not establish a reasonable possibility of Appellant's actual innocence of the offenses of which he was convicted. *See* 42 Pa.C.S. § 9543.1(2), (3)(ii)(A). The Commonwealth presented ample other evidence to suggest Appellant was one of the two shooters in the killings, including the statements of Brian Shealy, Octavio Rodriguez, and Melissa Cox. *See* PCRA Ct. Op., 9/16/2016, at 8. Shealy provided eyewitness identification of Appellant as being present at the scene of the crime and this information led police to arrest him as a suspect. *See id.* at 5. Rodriguez testified that while lodged in the same cell unit as Appellant, Appellant admitted that he shot his gun once before it jammed and that one of the victims was murdered because he owed money for drugs. *See id.* at 6. In addition, police obtained Appellant's cellphone records and learned that Appellant had exchanged several calls with a number belonging to Melissa Cox on the date of the incident. *See id.* When interviewed, Cox told police that

"approximately two hours after the shooting, she received a phone call from [Appellant] in which he said he had killed some people in Homewood and that he sounded scared." *Id.* Given the evidence of record, the PCRA court correctly concluded that DNA testing of the sneakers would not establish Appellant's innocence.

In light of the evidence amassed in support of Appellant's conviction in this case, Appellant has failed to establish a reasonable possibility that DNA testing of the sneakers would produce exculpatory evidence that would establish his actual innocence. *See Smith*, 889 A.2d at 584.[8] Accordingly, we discern no error in the PCRA court's denial of Appellant's petition for post-conviction DNA testing.

Order affirmed.

---

[8] In finding the evidence sufficient to support Appellant's convictions, this Court affirmed Appellant's sentences on direct appeal based on the weight and sufficiency of the evidence. *Commonwealth v. Thompson*, 46 A.3d 824, at *4 (Pa. Super. 2012) (unpublished memorandum) (adopting trial court opinion). Based on the evidence summarized previously, the proposed DNA testing, assuming exculpatory results, would not change our conclusion that "the evidence was more than sufficient to establish that Thompson was one of the two shooters who killed three people in Mr. Tommy's restaurant." Trial Ct. Op., 1/15/2010, at 84-85.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/31/2017</u>