J-S39041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE SLOWE | : | |
| | : | |
| Appellant | : | No. 3 EDA 2019 |

Appeal from the Order Entered November 30, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002955-2008

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 19, 2019**

Appellant Tyrone Slowe appeals from the order of the Court of Common Pleas of Delaware County denying his *pro se* petition pursuant to the Post Conviction Relief Act (PCRA),[1] his petition for post-conviction DNA testing, and his petition for discovery materials.  We affirm.

Appellant was charged in connection with the April 16, 2008 murders of Tyrone Nelson and Jimmy Strong in Upper Darby.  On February 18, 2009, Appellant entered a *nolo contendere* plea to two counts of third-degree murder and one count of persons not to possess a firearm.  Thereafter, Appellant was sentenced to an aggregate term of seventeen to thirty-four years' incarceration.  Appellant filed a post-sentence motion to withdraw his plea, which the lower court denied.  On March 3, 2010, this Court affirmed the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

\*   Former Justice specially assigned to the Superior Court.

judgment of sentence and on September 16, 2010, our Supreme Court denied Appellant's petition for allowance of appeal.

On December 22, 2010, Appellant filed his first PCRA petition. The PCRA court subsequently appointed counsel, who filed a petition to withdraw along with a no-merit letter. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 18, 2011, the PCRA court dismissed the petition.

On June 24, 2014, this Court affirmed the PCRA court's order dismissing Appellant's petition. The panel noted that Appellant wished to raise certain claims of ineffectiveness of counsel for the first time on appeal in a supplemental brief; however, this Court determined that Appellant could only raise the ineffectiveness claims in a new PCRA petition that met the PCRA timeliness requirements. On July 16, 2014, Appellant filed a petition for allowance of appeal in the Supreme Court at 506 MAL 2014.

Just two days later, while Appellant's appeal related to his first PCRA petition was pending in the Supreme Court, Appellant filed the instant PCRA petition on July 18, 2014, which the PCRA court held in abeyance during the pendency of Appellant's appeal of his first petition. On November 18, 2014, our Supreme Court denied Appellant's petition for allowance of appeal.

On May 26, 2015, Appellant filed a *pro se* motion for DNA testing. On December 27, 2016, Appellant attempted to file an amended PCRA petition. On May 3, 2017, Appellant filed a "Motion for Updated Discovery Materials."

On September 14, 2018, the PCRA court issued Rule 907 notice of its intent to dismiss the petition. On November 30, 2018, the PCRA court dismissed Appellant's second PCRA petition (filed on July 18, 2014), his amended PCRA petition (filed on December 27, 2016), his motion for DNA testing, and his motion for request updated discovery materials. Appellant filed this appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

I.     Whether PCRA Court erred by ruling Appellant's second PCRA Petition was untimely based upon the date the evidence was discovered?

II.    Whether Lower Court erred or abused its discretion by not being in compliance with **Reeves v. Fayette**, 897 F.3d 154 (3rd Cir. 2018), when Appellant asserted ineffective assistance claims based on Trial and PCRA Counsel's failure to present or discover evidence that was exculpatory in nature, to overcome time bar pursuant to **Schlup v. Delo**, 513 U.S. 298 (1995)?

III.   Whether PCRA Court erred as a matter of law pursuant to Rule 907 Notice to Dismiss, by failing to give notice pertaining to second PCRA Petition as untimely filed, violated Due Process?

IV.    Whether PCRA Court committed legal error by failing to issue Notice of Intent to Dismiss second PCRA Petition and Motion for Updated Discovery Materials, therefore denying Appellant procedural due process by not affording him a right to file written objections to dismissal?

V.     Whether Trial Court erred when holding Trial and PCRA Counsels were not ineffective for failing to investigate eight (8) eyewitnesses, was irrelevant to prove Appellant's innocence?

VI.    Whether Counsel's failure to seek suppression of unduly suggestive photo identification was irrelevant?

VII.   Whether PCRA Court erred when it concluded Commonwealth **Brady** violation claims were irrelevant?

VIII.  Whether PCRA Court erred as a matter of law or its conclusion was contrary to 42 Pa.C.S. § 9543.1 as amended, when denying Post Conviction DNA testing?

Appellant's Brief, at 5 (renumbered for ease of review).

Our standard of review is as follows:

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

**Commonwealth v. Johnson**, 635 Pa. 665, 139 A.3d 1257, 1272 (2016)

(quotation marks and quotations omitted).

As an initial matter, we note that Appellant filed his second PCRA petition on July 18, 2018, while his appeal of this Court's dismissal of his first PCRA petition was still pending in our Supreme Court. These circumstances have been addressed before by our prior precedent:

Preliminarily, Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. **Commonwealth v. Lark**, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000). **See also Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa.Super. 2018) (*en banc* ), *appeal denied*, ––– Pa. ––––, 190 A.3d 1134 (2018) (reaffirming that **Lark** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the

- 4 -

subsequent petition must give way to a pending appeal from the order denying a prior petition." *Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa.Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. *Id.* If the petitioner pursues the pending appeal, then the PCRA court is required under *Lark* to dismiss any subsequent PCRA petitions filed while that appeal is pending. *Lark, supra*.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. *Id. See also Commonwealth v. Porter*, 613 Pa. 510, 523, 35 A.3d 4, 12 (2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

*Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa.Super. 2019).

As noted above, Appellant timely filed his first PCRA petition on December 22, 2010. Thereafter, the PCRA court granted appointed counsel's petition to withdraw and issued notice of its intent to dismiss the petition. On May 18, 2011, the PCRA court dismissed the petition, and on June 24, 2014, this Court affirmed the PCRA court's order dismissing Appellant's petition. On July 16, 2014, Appellant chose to file a petition for allowance of appeal in the Supreme Court.

Thereafter, Appellant also filed a second PCRA petition on July 18, 2014, while his appeal related to his first PCRA petition was pending in the Supreme Court. Pursuant to *Lark*, Appellant was not permitted to pursue both an appeal of the denial of his first PCRA petition and the filing of a new PCRA petition in the lower court. As such, the PCRA court should have dismissed the July 18, 2014 petition that was filed during the pendency of his appeal to

the Supreme Court; the lower court had no jurisdiction to hold this petition in abeyance pending the outcome of the appeal. **See Lark**, **supra**.

To the extent that Appellant suggests this Court should review the denial of his "amended" PCRA petition filed on December 27, 2016, we agree with the PCRA court's finding that this petition was untimely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As noted above, Appellant entered a *nolo contendere* plea on February 18, 2009, this Court affirmed the judgment of sentence on March 3, 2010, and the Supreme Court denied Appellant's petition for allowance of appeal on September 16, 2010. Appellant did not seek further review in the Supreme Court of the United States. As a result, Appellant's judgment of sentence became final on December 15, 2010, after the expiration of the ninety-day period in which he was allowed to seek review in the U.S. Supreme Court. **See** U.S. Sup.Ct. R. 13. As such, Appellant needed to file his PCRA petition by December 15, 2011. Thus, Appellant's petition filed on December 27, 2016 is facially untimely.

Moreover, Appellant failed to plead and prove that any of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies in this case. While Appellant formulates multiple arguments to suggest that he is entitled to a remand based on "exculpatory" evidence, his assertions are completely undeveloped as he does not identify this alleged evidence, provide any detail as to when such evidence was discovered, or explain why such information could not have been obtained earlier. As such, Appellant has not shown that he is entitled relief from the PCRA timeliness requirements.

We note that Appellant also claims the PCRA court did not give proper notice of its intent to dismiss his petition without a hearing pursuant to Rule 907. While Appellant acknowledges that the PCRA court did file notice of its intent to dismiss his petition and outlined the procedure for Appellant to

respond to the notice, Appellant claims he was denied due process as the notice did not state Appellant's petition was being dismissed as untimely filed.

Regardless of the merits of Appellant's challenge to the adequacy of the PCRA court's notice pursuant to Rule 907, we need not review this claim further as Appellant has failed to plead and prove the applicability of one of the timeliness exceptions as forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013) (quoting **Commonwealth v. Pursell**, 561 Pa. 214, 749 A.2d 911, 917 n. 7 (2000) (finding that the absence of Rule 907 notice does not automatically warrant reversal, when the PCRA petition is facially untimely and one of the timeliness exceptions does not apply)).  Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition.

Appellant also claims that the PCRA court erred in denying his motion pursuant to Section 9543.1 of the PCRA statute, which allows petitioners to seek forensic DNA testing.  We may proceed to review this claim as "the PCRA's one-year time bar does not apply to motions for the performance of forensic DNA testing under Section 9543.1." **Commonwealth v. Walsh**, 125 A.3d 1248, 1252 (Pa.Super. 2015) (quoting **Commonwealth v. Brooks**, 875 A.2d 1141, 1146 (Pa.Super. 2005) (emphasis in original)).

Motions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are "clearly separate and distinct from claims pursuant to other sections of the PCRA." **Commonwealth v. Perry**, 959 A.2d 932, 938 (Pa.Super. 2008) (quoting **Commonwealth v. Williams**, 909 A.2d

383, 384 n. 1 (Pa.Super. 2006)). A successful request for post-conviction DNA testing pursuant to Section 9543.1 "allows … a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)." ***Commonwealth v. Gacobano***, 65 A.3d 416, 419 (Pa.Super. 2013).

To obtain post-conviction DNA testing under Section 9543.1, an individual must present a *prima facie* case demonstrating that the:

> (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in applicant's conviction and sentencing; and
>
> (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:
>
>> (A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(c)(3)(i)-(ii)(A).[2]

Moreover,

> If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his

---

[2] We note that our Legislature amended Section 9543.1 on October 24, 2018. As the amended language did not become effective until December 23, 2018, we will review Appellant's challenge to the PCRA court's November 30, 2018 ruling pursuant to the prior version of the statute.

client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(2). In other words, a petitioner "does not meet the requirements of § 9543.1(a)(2) [if] the technology existed at the time of his trial, the verdict was rendered after January 1, 1995, and the court never refused funds for the testing." *Commonwealth v. Williams*, 587 Pa. 304, 310, 899 A.2d 1060, 1063 (2006).

In his motion, Appellant asked for DNA testing to be performed on pieces of evidence recovered by police during their initial investigation of the crime scene where two men were murdered on April 16, 2008. The DNA testing that Appellant requests in the instant motion was available to Appellant when he entered his plea agreement on February 18, 2009 and the court did not refuse funds for testing. *See* 42 Pa.C.S.A. § 9543.1(a)(2); *Commonwealth v. B. Williams*, 35 A.3d 44, 51 (Pa.Super. 2011) (upholding the denial of the request for DNA testing as DNA testing was available at the time of the appellant's trial, he was convicted after January 1, 1995, and the trial court did not refuse funds for testing); *Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa.Super. 2008) (same). As such, the PCRA court properly concluded that Appellant had not met the threshold requirements for DNA testing under Section 9543.1(a)(2). *See* Order, 11/30/18, at 13.

Moreover, Appellant does not provide argument or analysis to challenge the PCRA court's finding that he failed to plead a *prima facie* case that exculpatory evidence would establish his actual innocence as required by Section 9543.1(c)(3). Even if we assume that Appellant's DNA was absent

from pieces of evidence obtained from the crime scene, Appellant has made no attempt to show how DNA testing would establish his actual innocence. In addition to the fact that a witness came forward to testify that Appellant admitted to the murders, Appellant confessed to his investigator in a recorded phone call from prison that he was present at the scene of the murders; Appellant was repeatedly cautioned that this conversation was being recorded. As a result, we conclude that the PCRA court did not err in denying Appellant's request for post-conviction DNA testing under Section 9543.1.

For the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19