**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON HALL | : | |
| | : | |
| Appellant | : | No. 2096 EDA 2022 |

Appeal from the Order Entered July 13, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001012-2010,
CP-51-CR-0001016-2010, CP-51-CR-0009774-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON HALL | : | |
| | : | |
| Appellant | : | No. 2097 EDA 2022 |

Appeal from the Order Entered July 13, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001012-2010,
CP-51-CR-0001016-2010, CP-51-CR-0009774-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON HALL | : | |
| | : | |
| Appellant | : | No. 2098 EDA 2022 |

Appeal from the Order Entered July 13, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001012-2010,

CP-51-CR-0001016-2010, CP-51-CR-0009774-2010

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 14, 2023**

Appellant Cameron Hall appeals from the July 13, 2022 order entered in the Philadelphia Court of Common Pleas that denied his petition for postconviction DNA testing pursuant to 42 Pa.C.S. § 9543.1. Due to significant briefing defects, we are unable to conduct meaningful review. We, thus, dismiss the appeal.

A detailed factual and procedural history is unnecessary for our disposition. Briefly, in March 2012, Appellant entered negotiated guilty pleas to four counts of robbery stemming from a 2009 robbery spree.[1] The trial court sentenced Appellant to an aggregate term of five to 10 years' incarceration. Appellant did not file a direct appeal. In 2013, Appellant filed his first PCRA petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, which the PCRA court denied following counsel's ***Turner/Finley***[2] no-merit letter. Appellant did not appeal. On December 28,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(i). In addition to the above dockets, Appellant pleaded guilty to several other cases. However, because Appellant has only appealed on these three cases, we will limit our review to these cases.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2021, Appellant filed a *pro se* Motion for DNA Testing.[3] The PCRA court dismissed the petition. Appellant then filed a *pro se* notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant included the following Statement of Questions Involved in his brief:

> WHETHER the lower courts [*sic*] Judge erred in the denial of appellant's motion, due to the petitioner pleaded [*sic*] guilty to charges that meet the grounds of the crime/office's [*sic*].

Appellant's Brief, 1/24/23, at 1.

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also id.** at 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. **Commonwealth v. Blakeney**, 108 A.3d 739,

_____

[3] Pursuant to 42 Pa.C.S.A. § 9543.1. A motion for DNA testing "shall explain how. . . after review of the record of the applicant's guilty plea there is a reasonable probability, that the testing would produce exculpatory evidence that would establish: (i) the applicant's actual innocence of the offense[.]" 42 Pa.C.S.A. § 9543.1(a).

- 3 -

766 (Pa. 2014); *see also, Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (holding that *pro se* litigant must "assume that his lack of expertise and legal training will be his undoing."). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). If a deficient brief hinders this Court's ability to address an issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006).

Relevant here, Rule 2116 requires a concise statement of the questions involved. Pa.R.A.P. 2116(a). In his Statement of Questions Presented, Appellant presents a lengthy and incoherent statement that does not suggest how the PCRA court erred. Additionally, Rule 2117 requires "[a] closely condensed chronological statement, in narrative form," of all necessary facts with citations to the record. Pa.R.A.P. 2117(a)(4). Appellant's statement of the case includes the basic facts underlying his conviction, a discussion about his preliminary hearing, and his sentence, but does not address any facts necessary to show that DNA testing is warranted.

Moreover, Appellant's brief raises several issues but only mentions DNA testing briefly.[4] *See* Appellant's Br. at 4. He does not reference the record,

_____

[4] Appellant includes arguments regarding ineffective assistance of both plea counsel and PCRA counsel (from his first PCRA petition), the Confrontation Clause, and sufficiency of the evidence underlying his conviction. **Appellant's Br**. at 5-9. Appellant did not raise these issues in his 1925(b) statement or in
*(Footnote Continued Next Page)*

cite any case law regarding DNA testing, or provide any developed argument relevant to the denial of his request for DNA testing. Rather, he merely concludes that testing the robbery victims' property for DNA would prove his innocence. *Id.*

Appellant's significant omissions and briefing defects preclude this Court's meaningful review. Accordingly, Appellant has waived appellate review of any challenge he could have raised to the order denying DNA testing.

Appeal dismissed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>9/14/2023</u>

---

a separate PCRA petition. Notably, he "cannot use Section 9543.1 to raise extraneous issues not related to DNA testing in an effort to avoid the one-year time bar [of a PCRA]." ***Commonwealth v. Brooks***, 875 A.2d 1141, 1148 (Pa. Super. 2005).