J-A28041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MUWSA GREEN | : | |
| Appellant | : | No. 811 EDA 2024 |

Appeal from the PCRA Order Entered February 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002785-2008

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 9, 2025**

Appellant appeals *pro se* from the order denying his motion for DNA testing pursuant to Section 9543.1 of the Post Conviction Relief Act[1] (PCRA). We affirm.

We adopt the PCRA court's summary of the facts and procedural history underlying this case.  **See** PCRA Ct. Op., 6/4/24, at 1-4.  Briefly, in 2008, Appellant pled guilty to multiple offenses in the instant case at Docket No. 2785-2008.[2]  **See id.** at 1.  After this Court affirmed Appellant's convictions on direct appeal, our Supreme Court denied further review.  Appellant

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that in addition to the instant case, Appellant also entered a guilty plea in a separate matter at Docket No. 14817-2007.  Appellant filed a motion for DNA testing and subsequently appealed the PCRA court's ruling in both cases.  We address Appellant's appeal at Docket No. 14817-2007 in a separate memorandum.

subsequently filed multiple PCRA petitions, all of which were ultimately denied. Appellant filed the instant PCRA petition on February 6, 2023. Ultimately, the PCRA court concluded that Appellant's request for DNA testing was meritless.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises multiple claims which we re-state as follows:

1. Whether a voluntary confession precludes a *prima facie* finding that exculpatory results from DNA testing would establish actual innocence under 42 Pa.C.S. § 9543.1.

2. A confession in and of itself is not a *per se* bar under § 9543.1(c)(3) to a convicted individual establishing a prima facie case that the DNA being requested would establish actual innocence.

3. The trial court has misapplied 42 Pa.C.S. § 9543.1.

Appellant's Brief at 2.

In reviewing Appellant's claims, our standard of review is as follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a de novo standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

With respect to post-conviction DNA testing, this Court has explained:

Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a

motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Walsh*, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

Section 9543.1 provides in relevant part:

(1) An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results,[3] or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(1)-(2).

It is well settled that a request for DNA testing under Section 9543.1 is

not subject to the PCRA time bar. *See Commonwealth v. Williams*, 35 A.3d

_____

[3] The clause permitting DNA testing on the basis that "the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results" was added to Section 9543.1(a)(2) on December 24, 2018. *See* Act of Oct. 24, 2018, P.L. 896, No. 147, § 1.

44, 50 (Pa. Super. 2011). Rather, "DNA testing may be sought at any time if the motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice." 42 Pa.C.S. § 9543.1(a)(4); *see also id.* at § 9543.1(d)(1)(iii) (providing that the court shall order DNA testing if the court concludes, among other things, that the motion was made in a timely manner).

"In analyzing timeliness for purposes of Section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice." *Walsh*, 125 A.3d at 1255 (citation omitted).

Additionally, an individual seeking relief under this statute must present a *prima facie* case demonstrating that the

> (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

> (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

>> (A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S. § 9543.1(c)(3)(i)-(ii)(A); *see also id.* at § 9543.1(d)(1)(iii), (d)(2)(i) (addressing actual innocence requirements).

Further, this Court has explained that

the mere absence of a defendant's DNA, by itself, does not satisfy the "actual innocence" requirement under section 9543.1(d)(2)(i). Rather, a petitioner must present some quantum of additional evidence in addition to the absence of petitioner's DNA to establish entitlement to relief.

The quantum of evidence necessary to satisfy section 9543.1(d)(2)(i) above and beyond the absence of the applicant's DNA has never been explicitly defined and must be evaluated on a case-by-case basis.

*Commonwealth v. Tyler*, 234 A.3d 750, 754 (Pa. Super. 2020) (citations and footnote omitted).

Additionally, this Court has stated that this standard requires "a reviewing court to make a probabilistic determination about what reasonable, properly instructed jurors would do, if presented with the new evidence." *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa. Super. 2011) (citation omitted and formatting altered). To do so, the PCRA court "is required to review not only the motion for DNA testing, but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence." *Williams*, 35 A.3d at 50 (citation omitted and formatting altered).

Here, the PCRA court addressed Appellant's claims as follows:

Appellant did not refer to any fact that shows that this court failed to review the merit of his PCRA request for DNA testing. Appellant's first petition for DNA testing was filed on February 9, 2023, which was followed by an amended petition on March 2, 2023. The forms (*Pro Se* Motion for Post-Conviction DNA Testing) informed Appellant of the standards and requirements of 42 Pa.C.S.[] § 9543.1. For example, Appellant was informed that "NOTE: Individuals who pled guilty are not eligible for relief under

the Post-Conviction DNA Testing Act. *See* 42 Pa.C.S. § 9543.1(c)(3) (record must reveal that the "identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing . . .").

Appellant pled guilty on July 28, 2008, in the CP-51-CR-0002785-2008 case which was consolidated with the CP-51-CR-0014817-2007 case in which he had pled guilty at a prior date. N.T. 7/28/2008 at 3-4. At both guilty plea hearings, Appellant was advised of his rights, the summary of the facts was read to him, and the charges against him were also read to him, at which point he pled guilty to them all. *Id.* at 4-13, N.T. 6/25/2008 at 2-11. The identity or participation in the crime by [] Appellant was never at issue in the proceedings before the trial court. Appellant willingly, knowingly, and voluntarily pled guilty to all the charges against him.

The form also had notice informing Appellant that "NOTE: To be eligible for relief under the Post-Conviction DNA Testing Act, 42 Pa.C.S. § 9543.1, the movant must be able to assert either that testable evidence was not discovered until after conviction, or else that such evidence was not tested and that one of the three reasons listed applies." Out of the three listed reasons, Appellant checked that "My attorney did not seek DNA testing, and the verdict in my case was announced on or before January 1, 1995." Appellant was sentenced on December 5, 2008. Therefore, that reason does not apply to Appellant's case. Appellant also checked that "DNA testing could not be undertaken when I was being tried since I lacked the funds to pay for testing, and my attorney unsuccessfully sought to have the Government ordered to pay for DNA testing." There is no evidence or record on the docket to support this claim by Appellant.

After careful consideration of Appellant's motion for DNA testing, Appellant's guilty plea hearing, and sentencing records, Appellant did not meet the threshold requirement for DNA testing under 42 Pa.C.S.[] § 9543.1(a)(2). The items Appellant requested to have tested were discovered before his guilty plea and conviction in 2008, technology for testing was available at the time of Appellant's hearing, and Appellant was not denied any funds for testing. Therefore, Appellant is not entitled to DNA testing.

Further, 42 Pa.C.S.[] § 9543.1(c)(3) requires Appellant to "present a *prima facie* case demonstrating that: (i) identity of or

- 6 -

the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish: (A) the applicant's actual innocence of the offense for which the applicant was convicted . . ." and 42 Pa.C.S.[] § 9543.1(d)(2) states that "the court shall not order the testing requested in a motion under subsection (a) if, ["]after review of the record of the applicant's trial, the court determines that there is no reasonable possibility for an applicant under State supervision, or there is no reasonable probability for an applicant not under State supervision, or after review of the record of the applicant's guilty plea, the court determines that there is no reasonable probability, that the testing would produce exculpatory evidence that: (i) would establish the applicant's actual innocence of the offense for which the applicant was convicted . . .[.]"

As stated earlier, Appellant voluntarily, knowingly, and willingly pled guilty to all the charges against him. He heard the [the Commonwealth's] recitation of the facts they hoped to introduce and prove at trial, and he was given his rights. Appellant after hearing all these, pled guilty. Also, Appellant was identified by both Complainants as the perpetrator and Appellant was the only one in the jail cell with Complainant Espisso. Given the testimony and evidence against Appellant, and after review of the records, DNA testing would not have established Appellant's actual innocence.

### Timeliness

The PCRA's one-year time bar[4] does not apply to motions for DNA testing under [] 42 Pa.C.S. § 9543.1. [**Commonwealth v.**

---

[4] "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. **See id.** at 17. A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies."
*(Footnote Continued Next Page)*

> **Brooks**, 875 A.2d 1141, 1146 (Pa. Super. 2005)]. In Pennsylvania, no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, . . . 837 A.2d 1157, 1161 ([Pa.] 2003). PCRA rules require that a petition, including a second or subsequent petition, has to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545 (b)(i). After DNA testing has been completed, the applicant may, within [one year][5] of receiving the test results, petition the court for post-conviction relief based on after-discovered evidence, an exception to the one-year statute of limitations. **Robinson**, at 1161.
>
> Appellant was sentenced on December 5, 2008, and no direct appeal was taken. After that Appellant filed three previous PCRA's before this current one was filed almost 16 years after Appellant's sentence became final. Appellant's PCRA is untimely. As in [**Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011)], "Appellant's request for DNA testing did not constitute a direct exception to the time bar of the PCRA. Appellant first had to meet the standards for DNA testing, obtain the DNA testing, and then offer the exculpatory results as an exception to the PCRA time limits . . . [.]"
>
> Here, Appellant does not meet the standards for DNA testing and his PCRA is untimely. Appellant is not entitled to relief.

PCRA Ct. Op., 6/4/24, at 5-8 (some formatting altered).

_____

**Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). The timeliness of a PCRA petition is a threshold jurisdictional question. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014); **see also Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)).

[5] We note that on October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year from the date the claim could have been presented. **See** Act of Oct. 24, 2018, P.L. 894, No. 146, § 2 (eff. Dec. 24, 2018). The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

Following our review of the record, the parties' briefs, and the PCRA court's opinion, we affirm based on the PCRA court's analysis of this issue. Specifically, we agree with the PCRA court that Appellant's request for DNA testing is meritless. Further, Appellant has failed to establish any exception to the PCRA time bar that would otherwise entitle him to relief by the PCRA court. Therefore, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2025